## ERASTUS C. GEER, JR.
*vs.*
## HELEN L. GEER

Superior Court      Hartford County      File No. 54228

MEMORANDUM FILED JUNE 20, 1940.

*Davis, Lee, Walker & Wright*, of Hartford, for the Plaintiff.

*Edward W. Broder*, of Hartford, for the Defendant.

McEVOY, J. Upon this motion the defendant seeks to have the plaintiff committed for contempt of court for his alleged failure to make payments to the defendant in accordance with an order of this court.

On November 24, 1937, a decree of divorce and a judgment based upon the decree and upon a stipulation was entered in this action. At the time of the hearing on the divorce action the parties stipulated that the plaintiff pay to the defendant

for her support until her death or remarriage or until the death of the plaintiff certain amounts of money.

The order has been substantially complied with although there is a dispute as to whether or not the payments have been made or as to whether or not a slight overpayment has been made.

The decisive point, and the point which the parties wish to have disposed of, is one of law rather than of fact. If the plaintiff's claim of law be decided in his favor then the decision upon the question of fact would be of no importance.

It seems to be undisputed that, upon the trial of this case, a verbal stipulation as to support was entered into and, by reason of that verbal stipulation, an order of support was embodied in the decree and judgment.

It is also undisputed that the court rendered a decree in favor of the plaintiff and against the defendant.

The plaintiff now says that, since the decree was in his favor, that the court had no jurisdiction or power to enter a decree ordering him to support a former wife whose errors had brought about the divorce, and cites the following quotation from *Heard vs. Heard,* 116 Conn. 632, 636: "The liability to pay alimony is based upon the duty of the husband to continue to support a wife whom he has, in legal effect, abandoned."

The plaintiff's brief contains the following further claims: "The law of Connecticut to the effect that the court did not have power to award alimony to the wife divorced for her own misconduct was established in 1876 in the case of *Allen vs. Allen,* 43 Conn. 419.

"It moreover follows from these principles that when the wife is the offender she cannot have alimony on a divorce decreed in favor of the husband. So long as he has committed no breach of marital duty he is under no obligation to provide her a separate maintenance, for she cannot claim it on the ground of her own misconduct.

"All this, coupled with the fact, that, so far as we know, the profession in this State has refrained for nearly a century from making the request now preferred to us, has even more weight than a positive judicial precedent against it, and compels us to deny it.

"We therefore advise the Superior Court that it has not the power to assign to a woman divorced for her own fault or guilt any part of the estate of her late husband."

"Not only had nearly a century passed without the profession ever suggesting that alimony would lie in such a case, but another two-thirds of a century has passed and apparently the question has never been raised again in the courts of this State, for plaintiff has searched the digests without finding that the *Allen* case has ever been overruled or disapproved of by the court. The only case known to counsel in which it was suggested that the parties stipulate that a decree of divorce in favor of a husband contain a provision directing him to pay alimony was flatly rejected by one of the leading law firms of the State on the ground that the court had no power to enter such a decree, and that the decree would be a nullity and unenforceable.

"As far as plaintiff's notice to the defendant that he does not intend to make further payments may subject him to the admonition of the court that such failure will place him in contempt, the plaintiff has now pointed out that the portion of the divorce decree directing the plaintiff to make payments for the support of his wife was beyond the jurisdiction of the court and is therefore a nullity, and the court, of its own motion, should modify the decree by deleting the portion thereof relating to such payments.

"Defendant cannot collect alimony under the decree because the court cannot enforce this portion of the decree as it had no power to make it.

"Defendant cannot collect alimony on contract: first, because the stipulation does not purport to be a contract; and second, because there was no legal consideration for any contract to pay alimony.

"Divorces in Connecticut are absolute. They are not conditional. Plaintiff either was entitled to a divorce or he was not. If he was not, the decree could not have been entered and the parties would not now be before the court. If he was, he was entitled to a decree with no conditions or strings attached to it. The only question properly before the court was whether or not plaintiff was entitled to a decree. The court found that he was and entered a decree in his favor. There was no legal consideration for anything else."

These claims seem to this court to be sound. Their soundness and the ruling upon the petition may properly be tested upon appeal. In order that there may be no delay in the matter the case is decided promptly and it is held that the order which the defendant now seeks to enforce, by way of contempt, was not a valid order which the court had authority to render or enter.

The petition of the defendant that a contempt order issue is denied. It is found that, by reason of the lack of authority on the part of the court to order the plaintiff to make the payments in question, that there is no contempt.

A judgment may enter that the plaintiff is not in contempt.