KAREN K. VENUTI *v.* JOSEPH E. VENUTI, JR.

BOGDANSKI, C. J., SPEZIALE, PETERS, HEALEY and PARSKEY, Js.

Argued June 2—decision released August 4, 1981

---

*A. Robert Gordon,* for the appellant (defendant).

*Wesley W. Horton,* with whom, on the brief, was *William Howard,* for the appellee (plaintiff).

SPEZIALE, J. The marriage between the plaintiff, Karen K. Venuti, and the defendant, Joseph E. Venuti, Jr., was dissolved on the ground of irretrievable breakdown. The defendant claims that the trial court abused its discretion in awarding alimony and counsel fees to an adulterous spouse and in awarding to the plaintiff alimony, counsel fees, and a share of the parties' assets which are disproportionate to the respective finances of the parties. We disagree and find no error.

## I

### ADULTERY

The power of the Superior Court to dissolve a marriage and make financial orders incident thereto is granted and defined by statute. General Statutes §§ 46b-40 to 46b-87; *Kennedy* v. *Kennedy,* 177 Conn. 47, 49–50, 411 A.2d 25 (1979). In 1973, the legislature substantially revised the statutes concerning the dissolution of marriage. Public Acts 1973, No. 73-373. Adultery is one of ten "causes" upon which a decree of dissolution shall be granted. General Statutes § 46b-40 (c) (3). The trial court may either specify the cause of action on which the decree of dissolution is based or dissolve the marriage on the basis of irretrievable breakdown. General Statutes § 46b-51 (b). The defenses of recrimination and condonation have been abolished. General Statutes § 46b-52. The statutes list the factors which the

trial court "shall consider" in awarding alimony and counsel fees. General Statutes §§ 46b-62, 46b-82. Adultery is not listed as a factor to be considered unless it is one of the causes for the dissolution of the marriage. Id.

The only Connecticut case cited by the defendant which directly supports his contention that it would be error for a trial court to award alimony to an adulterous spouse is *Geer* v. *Geer,* 8 Conn. Sup. 279 (1940). *Geer* relied entirely on *Allen* v. *Allen,* 43 Conn. 419 (1876). In *Allen* we denied an award to the guilty spouse based on the statute then in effect which provided that a woman divorced for her misconduct may be ordered to return to her husband any property he gave her in consideration of marriage or of love. Statutes, 1875, p. 189 § 6; *Allen* v. *Allen,* supra, 424–26. The successor to that statute was repealed in 1973. Public Acts 1973, No. 73-373, § 43, repealing General Statutes, 1958, § 46-22a.[1] Furthermore, the holding in *Allen* also can no longer be followed because of Public Acts 1973, No. 73-373, §§ 20, 21 (now General Statutes §§ 46b-81, 46b-82), which provided that the causes for the dissolution of the marriage be only a factor for the court to consider in ordering an assignment of property or an award of alimony. *Vogel* v. *Vogel,* 178 Conn. 358, 361–62, 362 n.3, 422 A.2d 271 (1979). Thus, there is no longer a foundation for the claim that as a matter of law it is an abuse of discretion to award alimony and counsel fees to an adulterous spouse.

The statutes governing the award of alimony and counsel fees do permit the trial court to consider the

[1] Statutes, 1875, p. 189 § 6 became General Statutes, 1958, § 46-22. Section 46-22 was broadened to include both spouses and renumbered to become § 46-22a. Public Acts 1961, No. 368.

causes for the dissolution. General Statutes §§ 46b-62, 46b-82. Here, the trial court explicitly found that any adultery by the plaintiff "had nothing to do with the breakup of the marriage."[2] The facts concerning the plaintiff's conduct were hotly contested at trial. It is the role of the trial court to assess the credibility of witnesses and to find the facts which the evidence supports. *Dooley* v. *Leo,* 184 Conn. 583, 586, 440 A.2d 236 (1981); *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975). The factual determinations of the trial court will be disturbed only where they are unsupported by the evidence or clearly erroneous in light of the whole record. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). A review of the record shows that the trial court did not err in finding that adultery was not the cause of the breakdown of the marriage. There is, therefore, no basis in the statutes for the trial court to have considered any adultery by the plaintiff in making its award of alimony and counsel fees and the trial court did not abuse its discretion when it made those awards.

## II

### AMOUNT OF THE FINANCIAL AWARDS

In dissolving this twenty-year marriage the trial court awarded the family home to the plaintiff along with the responsibility for future taxes, mortgage

---

[2] The trial court stated: "After the parties separated and this action had been instituted, the defendant claims that the plaintiff committed adultery with another man. He claims further that her conduct should deprive her of any alimony whatsoever. This had nothing to do with the breakup of the marriage which had broken down irretrievably long before the incident occurred or this action was brought. The defendant's claim that the plaintiff should be deprived of alimony is denied. Any cause for the dissolution arose long before the action was brought or any adultery occurred."

payments, and utility bills. According to a "competent appraiser" the value of the house was $65,000; a $5000 mortgage remained unpaid. Two other pieces of real estate were awarded to the defendant. Those properties were unmortgaged and had a combined value of $57,000. Various items of tangible personal property were awarded to the parties. The trial court ordered no division of the plaintiff's $32,000 in savings accounts but ordered the plaintiff to make up any deficits in the educational trust accounts which she had established for the three children from funds inherited from her mother. The plaintiff was awarded periodic alimony of $300 per week and the sum of $7500 toward her counsel fees.[3]

The trial court was presented with financial affidavits from each of the parties at four different dates during the pendency of this suit. The defendant testified at length about his employment and salary history. The trial court found that he had earned approximately $45,000 per year as an airline pilot although his income was substantially less

[3] The court also made financial orders with respect to the three offspring. The oldest child reached her majority before the judgment was rendered. Each party was ordered to contribute $25 per week for support of the middle child and to pay one-half of the $6390 bill of the attorney for the children. The defendant was ordered to pay $50 per week for support of the youngest child who was placed in the plaintiff's custody. The defendant also was ordered to maintain three life insurance policies with the children as irrevocable beneficiaries until the youngest surviving child attains the age of thirty years. No claim of error has been raised with respect to any of the orders relating to the children and the record before this court is not sufficiently complete for us to review those orders; however, we do note that, in the absence of a written agreement between the parties, the Superior Court may not order payment of child support beyond the age of majority. General Statutes §§ 1-1d, 46b-66; *Gallo* v. *Gallo*, 184 Conn. 36, 46-47, 440 A.2d 782 (1981); *Broaca* v. *Broaca*, 181 Conn. 463, 465-66, 435 A.2d 1016 (1980).

at the time of trial; and that his income potential was far superior to that of the plaintiff who "has no particular skills or business experience to offer" and who, at the time of trial, was employed as a teacher's helper earning $80 net per week.

In marital dissolution proceedings, under appropriate circumstances the trial court may base financial awards on the earning capacity rather than the actual earned income of the parties; *Lucy* v. *Lucy,* 183 Conn. 230, 234, 439 A.2d 302 (1981); *Miller* v. *Miller,* 181 Conn. 610, 611–12, 436 A.2d 279 (1980); when, as here, there is specific evidence of the defendant's previous earnings. Compare *Schmidt* v. *Schmidt,* 180 Conn. 184, 190, 429 A.2d 470 (1980). Although no single statutory factor is preferred over all the others, the financial circumstances of the parties are highly significant in the determination of any monetary awards. *Leveston* v. *Leveston,* 182 Conn. 19, 22, 437 A.2d 819 (1980); *Valante* v. *Valante,* 180 Conn. 528, 429 A.2d 964 (1980).

The trial court in its memorandum of decision gave particular attention to the financial circumstances of the parties, past, present, and future. The trial court also discussed such other statutory factors as the length of the marriage, the age, health, occupation and employability of the parties, and the causes for the dissolution. See General Statutes § 46b-82. With respect to the financial awards in a dissolution action, great weight is given to the judgment of the trial court because of its opportunity to observe the parties and the evidence. *Gallo* v. *Gallo,* 184 Conn. 36, 50, 440 A.2d 782 (1981); *Fattibene* v. *Fattibene,* 183 Conn. 433, 442, 441 A.2d 3 (1981); *deCossy* v. *deCossy,* 172 Conn. 202, 204, 374 A.2d 182 (1977). Because the trial court reasonably could have concluded as it did; *Gallo* v.

*Gallo,* supra, 51; *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979); it did not abuse its discretion in its alimony and property assignment decisions.

The defendant cites the fact that the plaintiff had "at least $30,000 in liquid funds" as a further indication that the trial court abused its discretion in awarding $7500 in counsel fees to the plaintiff. No claim is made that the amount charged by the plaintiff's attorneys was less than $7500 nor that the amount of the fee is unreasonably large. See *Presutti* v. *Presutti,* 181 Conn. 622, 638, 436 A.2d 299 (1980).

General Statutes § 46b-62 permits the trial court to award counsel fees "in accordance with their respective financial abilities" and the statutory criteria for an alimony award. The memorandum of decision adequately addressed the parties' finances and the other statutory criteria. Specific findings addressed to the award of counsel fees are not required. *deCossy* v. *deCossy,* supra, 206. As with alimony, § 46b-62 requires the consideration of several factors and the application of judicial discretion before an award of counsel fees is made. The single fact that the plaintiff had a savings account with a balance greater than the amount of counsel fees awarded does not make that award an abuse of discretion. The 1973 revision of the dissolution statutes first established statutory authority for an award of counsel fees and thereby abrogated the common-law rule that an allowance to prosecute or defend would be awarded only where the recipient spouse did not have sufficient funds to pay the expenses of litigation. *Arrigoni* v. *Arrigoni,* 184 Conn. 513, 518–19, 440 A.2d 206 (1981); *Murphy* v. *Murphy,* 180 Conn. 376, 380, 429 A.2d 897 (1980).

.. 

Whether a spouse has "ample liquid funds" with which to pay counsel fees; see *Koizim* v. *Koizim,* 181 Conn. 492, 501, 435 A.2d 1030 (1980); can only be determined by examining the total financial resources of the parties in light of the statutory criteria. Compare *Gallo* v. *Gallo,* supra, 38, 49–50; *Fattibene* v. *Fattibene,* supra, 443; *North* v. *North,* 183 Conn. 35, 40, 438 A.2d 807 (1981); *Presutti* v. *Presutti,* supra; *El Idrissi* v. *El Idrissi,* 173 Conn. 295, 301–302, 377 A.2d 330 (1977); *deCossy* v. *deCossy,* supra; *Spalding* v. *Spalding,* 171 Conn. 220, 230, 368 A.2d 14 (1976). The record indicates that the trial court did not abuse its discretion in its award of counsel fees to the plaintiff.

There is no error.

In this opinion the other judges concurred.