[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff (hereinafter the wife) and the defendant (hereinafter the husband) were married on August 15, 1965. Their two sons have reached their majority; therefore, neither party has a legal obligation to support them.
Both parties testified at this limited contested dissolution trial and were represented by counsel. Both have resided in the state of Connecticut for more than one year; therefore, the court has jurisdiction.
The wife testified of the marital differences and that on or about August 15, 1987, she asked the husband to leave the marital residence. They lived apart for the about the next two and one half years, and during this time, the husband admitted to having had a sexual affair in May, 1988. The parties later reconciled and stayed together until May, 1993, when the wife filed this action.
The court finds that the husband's admitted affair took place after he left the marital home and was not the cause of the marital breakdown. Venuti v. Venuti, 185 Conn. 156, 159 (1981). The court finds neither party at fault for the marital breakdown and a decree of dissolution shall enter on the ground of irretrievable breakdown. Sec. 46b-40(c)(1) of the General Statutes.
The court shall base its financial orders on the current financial affidavits. Watson v. Watson, 20 Conn. App. 551. Between 1990 through 1993, the husband owned 90 percent of Westec, Inc., a consulting engineering firm, and he earned between $112,000 and $125,000 annually. This corporation closed its doors in December, 1993.
The husband currently works as a consulting engineer and CT Page 9220 earns $75.00 an hour plus expenses. He is paid hourly on a per job basis and does not have any employment contracts. His present average gross income for the past six months is about $3,000 a month. The court finds his net monthly income is approximately $2,250.
The husband lists assets on his financial affidavit of $97,500 with liabilities of $294,200. The marital home costs about $3,300 monthly to maintain. His retirement pension plan is valued at $37,000, with a monthly benefit of between $471.26 and $542.19 due him at age 55.
The wife has recently taken a temporary job as a secretary earning $9.00 an hour giving her a net weekly income of $230.00, which the court has considered in its periodic alimony award.
For over twenty years, the wife cared for the parties' two sons and the family enabling the husband to devote full time to working as an engineer. The court has considered the wife's work as a mother and homemaker and finds her efforts were equal to the husband's monetary contribution. O'Neill v. O'Neill, 13 Conn. 300
(1988).
This marriage endured for twenty-nine years. The parties are both fifty-three years old and in good health. They are both college graduates. In their claims for relief, both agreed that the wife is entitled to a periodic lifetime alimony award. The pivotal question is what amount is equitable for the husband to pay. At this time, the wife's attorney urges the court to base the amount on an earning capacity of at least $75,000. The husband's attorney argues that the amount must be based on his current net earnings of about $2,250 a month.
This is not an earning capacity case. During the entire marriage, the wife knew what the husband earned. She paid all the household bills and kept accurate records of the husband's earnings and expenses. The court found no evidence of nondisclosure of earnings or assets by the husband. The husband has been working in his field as a consulting engineer. There is no evidence that the husband has intentionally reduced his earnings to avoid his duty to pay the wife periodic alimony. Under the circumstances of this case, this court will award the wife alimony on his current net income of about $2,250 a month. CT Page 9221
The court has carefully considered all the evidence presented, the current financial statements of both paries [parties], and all the criteria in §§ 46b-81, 46b-82 and 46b-62 of the General Statutes as well as the relevant case law and enters the following orders.
1. ALIMONY
 The parties agreed that the husband is in arrears $27,199.61 on the pendente lite alimony award. The husband shall pay periodic alimony of $1,250 a month, pursuant to § 46b-82, until the wife's death, her remarriage or statutory cohabitation, whichever event shall first occur. In addition, he shall pay $250 a month towards the arrearage until paid in full. The husband shall provide the wife with a copy of his federal income tax returns on or before May 1st of each year hereafter. Upon proper motion, the court shall review the present periodic alimony award on or about June 1, 1995.
2. PENSION
 The husband shall assign and transfer all his right, title and interest in the Caltex pension/retirement plan with a present value of approximately $37,000 to the wife pursuant to a Qualified Domestic Relations Order. The effective date of transfer shall be the date of the dissolution decree.
3. REAL ESTATE
a. MARITAL RESIDENCE:
 The wife cannot afford to maintain the marital home and does not want it transferred to her. Therefore, the wife shall quitclaim her interest in the marital residence to the husband, subject to all existing encumbrances, and the husband shall hold the wife harmless and agrees to indemnify her from and all any claims thereon.
 The wife shall be entitled to exclusive possession of the marital home until November 1, 1994, without payment of rent, and she shall vacate the home on or before said date.
b. RENTAL PROPERTY: CT Page 9222
 The wife shall quitclaim her interest in the rental property to the husband subject to all mortgages, liens and encumbrances thereon, and the husband agrees to hold the wife harmless and indemnify her from any claim thereon.
4. INSURANCE
a. LIFE INSURANCE:
 The husband shall maintain a life insurance policy in the amount of $200,000 issued by the Equitable Life Insurance Policy naming the wife as irrevocable beneficiary, which life insurance shall be maintained by the husband at his expense until his obligation to pay alimony to the wife has ceased. Proof of said insurance shall be provided upon request.
b. HEALTH INSURANCE (COBRA):
 If available through his employer, the husband shall provide the wife with comprehensive medical health insurance for a period of thirty-six (36) months, and the wife shall be responsible for the payment of the premium for said insurance.
5. AUTOMOBILES:
 The husband shall be responsible for and pay for the leased 1989 BMW automobile presently in the wife's possession.
6. ATTORNEYS' FEES:
 Each party shall be responsible for her or his own legal fees.
7. DEBTS:
 Each party shall be responsible for the debts listed in his or her respective financial affidavit.
8. PERSONAL PROPERTY:
 Each party shall retain any and all other personal property now in her or his possession. In the event of a dispute, the matter is referred to Family Relations for mediation.
CT Page 9223
Judgment may enter in accordance with the foregoing orders.
ROMEO G. PETRONI, JUDGE