[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 54 and the defendant wife, 51, whose CT Page 3880 birth name is Cunningham, married on August 17, 1969 in Greenwich, Connecticut. Both are high school graduates. There is one son born of the marriage who is now an adult and who is attending college. Each party complained of health problems but both parties are able to work.
They were in a succession of businesses. The plaintiff engaged in running janitorial and window cleaning businesses throughout the marriage. He was the salesman who procured customers and ran the crews. The defendant took care of the telephone, the billing and the books. She also ran a furniture store for several years. It never made money, but the combination of businesses allowed many expenses to be run through them. They also engaged in buying and renovating a succession of homes, and then selling each at a profit.
They failed to file IRS income tax returns for three years, and two returns they did file were called into question when the IRS conducted an audit, assessing an unpaid tax bill of $100,000.00. The day that the audit was completed, and the defendant advised the plaintiff of the situation, he left the marital home never to return. The defendant was able to effect a compromise settlement $10,000.00
The plaintiff failed to have Worker's Compensation insurance at the time an employee broke his leg. The state now claims $17,000 plus interest due the Department of Revenue Service.
The marital home located at 941 King Street, Greenwich is in foreclosure by both the first and the second mortgage. There is a pending private sale which will apparently avoid any deficiency claim. However, the plaintiff must vacate shortly for the transaction to be completed.
On January 17, 1997, the defendant filed a Chapter 7 petition in bankruptcy. No relief from stay has been obtained. The motor vehicle registered to the defendant, a 1987 Chevrolet Blazer, valued by the defendant at $2,000, is in the hands of the trustee at the time of trial.
The plaintiff has miscellaneous shares of stock valued at $300 and the ability to find and sell customers cleaning and janitorial services. Due to the state's lien he is unable to reopen a Connecticut based business in his name. Until recently, the parties used a corporate entity, King's Hill Corporation, to CT Page 3881 operate the janitorial and window cleaning services. All the stock is owned by the defendant and this too, is in the hands of the trustee. The defendant closed the business on November 30, 1996.
The plaintiff's current earning capacity is much less than in years past. His current financial affidavit lists $882 weekly gross. However, an owner of Trim, another janitorial company, testified that the plaintiff's future commissions will be much less than what the plaintiff received from Trim in the past. The court concluded that based on the plaintiff's 25 years in the business, that his current earning capacity is $45,000.
The defendant is currently working part-time as a billing clerk for Stamford Medical Group earning $500 gross weekly. She testified that she is qualified to work as a medical office manager or administrator earning between $12 to $15 hourly. The court concluded that the defendant's estimate is modest since she is earning $500 gross currently on a part-time basis. The court concludes that the defendant's current earning capacity is about $25,000. No expert testimony was offered to contradict the defendant who has experience in this area.
The plaintiff testified he had enough, the last straw being the IRS audit result for which the defendant accepted responsibility. The plaintiff acknowledged that an earlier separation ten or eleven years ago occurred when the plaintiff left the home, staying at Judy Gross' home for four weeks, sleeping on the couch. When the final separation occurred on January 4, 1994, he again joined the same woman. For the past several months he has been living in his mother's home. Neither party called Judy Gross as a witness. The court finds no basis to employ the holding found in Ferrucci v. Ferrucci,11 Conn. App. 369. The holding in Venuti v. Venuti, 185 Conn. 156 applies to this case. The court finds that both parties contributed to the breakdown of their marriage and responsibility for the breakdown must be borne equally.
Having reviewed the evidence and having considered the statutory criteria found in §§ 46b-81 and 46b-82 as well as relevant case law, the court enters the following judgment.
1. A decree is entered dissolving the marriage on the ground of irretrievable breakdown. The cross-complaint is dismissed as moot. CT Page 3882
2. The plaintiff shall pay to the defendant, as periodic alimony, the sum of $200 weekly until either party's death, the defendant's remarriage, or further court order.[1] A contingent wage withholding order is entered.
3. The plaintiff shall retain the assets currently in his name.
4. The court makes no order as to defendant's assets due to the pending bankruptcy.
5. The plaintiff shall be solely responsible for the debts listed on his financial affidavit.
6. The court makes no order regarding the defendant's debts due to the pending bankruptcy. Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.