[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband, 45, and the defendant wife, 42, whose birth name is Ardila Carbajal, married on April 30, 1979 in San Antonio de los Altos, Venezuela. Both parties have resided continuously in Connecticut for over one year immediately preceding the filing of this complaint in which the plaintiff seeks a dissolution of the marriage and other relief Therefore, the court has jurisdiction.
There are two children issue of the marriage. The older daughter has attained majority and has graduated from high school. The younger daughter, Veronica Andrea, is a minor (d.o.b. 3/7/83) who has resided with her father since he began this action. The parties filed a stipulation of irretrievable breakdown which also includes an agreement concerning custody of the minor, a duplicate of which is attached hereto.
The plaintiff immigrated to the U.S.A. nineteen years ago and became a citizen five years later. He is a self-employed electrician conducting his business in the greater Norwalk area. The business has two trucks. The plaintiffs 1998 Form 1040 (Plaintiffs Exhibit 4) lists the plaintiff as sole proprietor on schedule C with $16,922.00 net profit and on schedule E is listed an S Corporation Meza Electric Co., Inc. with $19,976.00 income. On its front page the adjusted gross income, after deducting self-employment tax and health insurance, is $33,495.00. His current affidavit lists gross weekly of $709.00 and net after taxes of $373.00. He justifies this drop in income to his need to attend to the needs of his minor daughter. The court addresses CT Page 10494 this issue in more detail infra.
He also maintained a "cash book" in which entries were made which did not find their way into the accountant's books. The plaintiffs brother became active in the business and also made entries in the "cash book". The defendant objected to this arrangement. In 1996, the original "cash book", which had been kept by both plaintiff and defendant, disappeared. The plaintiff sometimes gave the defendant cash in lieu of a check for the household budget and the court has drawn the inference that this family enjoyed a cash flow greater than what was recorded in the accountant's books.
The defendant and her mother were living in this country when the defendant traveled to Venezuela to marry the plaintiff who came to this country a year later. The defendant has worked, except for her pregnancies, during the marriage. She became a licensed real estate broker and is currently employed as a secretary by Circon in Stamford. On the witness stand the defendant testified her annual salary is currently $28,000.00. Her affidavit states earnings of $538.40 gross weekly and after mandatory deductions $417.75 weekly. Her employer's medical and dental plan covers the entire family for which she pays $26.45 weekly. For a period of time she had worked for an elderly lady as a nurse's aide which provided a greater income than her current income. The defendant's mother also worked for the lady. The job entailed twelve hour shifts. Her 1998 form 1040 (Defendant's Exhibit H) lists wages of $23,850.00
The parties managed to purchase land in Norwalk, known as 4 Country Lane, on which a single family home with an accessory apartment was constructed in 1992 — 1993. They occupied the house on February 27, 1993. The defendant's mother also lent $30,000.00 to the project. Title was taken in the names of the plaintiff, the defendant, and the defendant's mother who all executed a mortgage to Centerbank for $130,000.00.(Plaintiff s Exhibit 3) The plaintiff now values it as $375,000.00 fair market value subject to a $97,000.00 mortgage balance. The defendant values it at $329,000.00 subject to a mortgage balance of $98,000.00. A written appraisal (Defendant's Exhibit E) was introduced bearing date of 11/19/98 giving an opinion of $329,000.00 market value. The plaintiff did not agree but offered no additional evidence beyond his opinion as an owner. The court accepts the defendant's value. CT Page 10495
The parties entered into a stipulation (computer document 109) that was filed with, approved and ordered by the court on May 8, 1998. Therein, a § 46b-15 ex-parte order obtained by the defendant was modified giving temporary custody of Veronica to her father, allowing the plaintiff access to the garage from 8:00 — 8:30 a.m. for business purposes including access to the office and the attic in the marital home and otherwise continuing the § 46b-15 order for six months. The defendant remained in exclusive possession of the house and the plaintiff moved to a rental apartment where he has remained with Veronica. On July 10, 1998, the defendant was ordered to pay the plaintiff $100.00 weekly child support and the plaintiff was ordered to pay the defendant $100.00 alimony weekly.
An attorney for the minor was appointed who filed her appearance on September 21, 1998. On December 1, 1998 a "Motion Re: Possession of Marital Residence (Pendente Lite)" was filed (Computer document 143) and signed by both the attorney for the plaintiff and by the attorney for the child. Although additional filings relating to this issue were filed, no hearing took place and the status quo continued until the trial.
On May 13, 1999, the plaintiff obtained an order on his motion in limine (computer #149) allowing this case to proceed to trial without impleading the defendant's mother.
The plaintiffs position as advanced at trial by both his lawyer and the child's attorney is he should be put back into possession of the marital home. Then Veronica could walk to school. The proximity to the school is claimed by the plaintiff to be in her best interest. What is lacking is any explanation by the plaintiff as to why he has been unable to find a rental in the school district although fourteen months have passed since the plaintiff moved from the marital home. The court is unable to accept the plaintiffs claim that returning to the marital home, thereby ousting the defendant, is the only solution.
The plaintiff engaged in a course of abusive conduct directed at the defendant over a period of years. The plaintiff admitted drinking to excess. He admitted going out alone and joining his friends for "partying". When he was drinking he would hit the defendant. On one occasion he kicked the defendant in her back, leaving a mark. On another occasion he choked the defendant, throttling her on the bed. The plaintiff would leave on Saturday at noon for New York City where he took dancing lessons and then CT Page 10496 partied with other "singles", telling the defendant of these activities. The defendant attended al-anon for several years. She developed ulcers. Since the plaintiff has moved the defendant has gained 20 pounds.
On May 29, 1996, the defendant began a dissolution action (FST FA 96-0152784) which led to an attempted reconciliation. The plaintiff ceased abusing the defendant but never forgave her for what he judged to be an affaire de coeur with a man named Richard which occurred at the time the first action was commenced. The defendant admitted her interest in another man, but it appears that Venuti v. Venuti, 185 Conn. 156, applies and in any event she stopped it when the reconciliation was undertaken. The day of the final separation the plaintiff again struck the defendant.
The court has concluded that the defendant is the more credible witness. The court has concluded that Veronica will be able to remain in the school she has been attending. The court has concluded that the child's best interest does not turn on whether she walks to school. The court has concluded that the plaintiffs conduct towards the defendant, engaged in over a period of years, is the primary cause of the marriage breakdown. The court has concluded that the breakdown was irretrievable by the time the defendant's action was commenced. The court has concluded that the attempt at reconciliation was a failure. The court has concluded that the plaintiffs efforts to recover possession of the marital home are not motivated by his concern for the child's best interest since no alternate suitable housing was sought. The court has concluded that he has used the school issue as a way for him to recover possession for his own purposes. The court has concluded that the defendant should retain possession of the marital home.
Having considered the evidence in light of § 46b-81,46b-82 and 46b-84 as well as relevant case law and other relevant statutes, the court enters the following decree.
1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown. The defendant's birth name may be restored to her is she wishes.
2. The minor child's custody is ordered by adopting the parties stipulation dated May 3, 1999.
3. The defendant shall pay to the plaintiff $120.00 weekly as CT Page 10497 child support, a wage withholding order is entered which may be contingent, unless the plaintiff requests an immediate execution. The court will then hear the parties as to the need for it. The court has accepted the plaintiffs worksheet, a copy is attached.
4. The plaintiff shall continue to provide the medical coverage for the minor child at his sole expense which he states to be $299.00 monthly for himself and the child. The plaintiff shall be solely responsible for all deductibles. The parties shall equally bear any uninsured or unreimbursed bill balances provided the defendant shall first be given the opportunity to submit same to any insurer available to her, if any such coverage exists at her place of business.
5. The defendant is awarded the plaintiffs interest in 4 Country Lane, Norwalk, Connecticut. If no properly executed quit claim deed is tendered within 30 days this order shall be carried out pursuant to statute. The defendant shall thereafter hold the plaintiff harmless and indemnified from mortgages, taxes, and any claims arising after the transfer of title.
6. The contents of the marital home are awarded to the defendant as her sole property.
7. The defendant shall prepare, execute and deliver a mortgage note for $60,000.00 payable in six months from date, secured by a mortgage deed on the defendant's interest in the marital home. The note is to be in negotiable form and shall be enforceable by collection or foreclosure of the mortgage but shall not be enforceable by contempt. The court intends to create an asset. This order is not made as an unconditional lump sum payment.
8. The defendant is to restore the $500.00 she removed from Veronica's account within 30 days.
9. The plaintiff shall retain his electrical contracting business, his pension at the Nash Engineering Pension Plan (Defendant's Exhibit J) free of any claim by the defendant, the Florida Timeshare in Palm Aire, his bank accounts and his insurance policies.
10. The defendant shall retain as her sole property the 1994 Nissan Quest, the 1997 Nissan Sentra and her bank accounts. CT Page 10498
11. The plaintiff shall be solely responsible for the family loans listed on his financial affidavit, his credit cards debt, the loan from Emilce MacArthur and his attorney fees.
12. The defendant shall be solely responsible for her Discover Card, the loan from her mother and her attorney fees.
13. The attorney for the child is awarded an additional $4,000.00. Each party shall pay $2,000.00 on or before September 15, 1999. Although the plaintiff has previously paid $3,000.00 and the defendant has paid $1,500.00 the court finds no pendente orders for said payments.
14. The plaintiff is ordered to pay to the defendant $120.00 weekly as periodic alimony for a period of two years or until the sooner marriage of the defendant, the death of either party or further court order. § 46b-86 applies to this order. The term and the amount are non-modifiable under any circumstances.
Counsel for the plaintiff shall prepare the mortgage note and deed and the judgment file.
HARRIGAN, J.
 STIPULATION
KAHN, COMMISSIONER OF THE SUPERIOR COURT.
 1. The parties to the above-captioned action hereby stipulate that the marriage between them has broken down irretrievably with no reasonable prospect of reconciliation. Accordingly they ask that this court enter a decree dissolving their marriage.
 2. The parties will share joint legal custody of the minor child, Veronica, born March 7, 1983. Veronica will primarily reside with and be in the physical care and custody of the father. Veronica will have such visitation or other contact with the mother as Veronica and the parties may from time to time determine. All parental decision-making concerning Veronica will be left to the sole discretion of the father, consistent with the best interests of Veronica.
3. During the pendency of this action the parties jointly CT Page 10499 obtained can appraisal of their real property, the marital residence, located at 4 Country Lane, Norwalk, Connecticut. The appraiser, Peter Pisaretz, stated that necessarily agree that this is the fair market value as of today, May 13, 1999.
I, JUAN MEZA, do hereby sign and affirm this stipulation as my free act and deed.
JUAN MEZA
Subscribed and sworn to before me on this 13th day of May, 1999.
Gerald H. Kahn, Esq. Commissioner of the Superior Court
I, BEATRIZ MEZA, do hereby sign and affirm this stipulation as my free act and deed.
BEATRIZ MEZA
Subscribed and sworn to before me on this 13th day of May, 1999.
Elaine S. Amendola, Esq. Commissioner of the Superior Court
[EDITORS' NOTE: ARREARAGE WORKSHEET IS ELECTRONICALLY NON-TRANSFERRABLE.] CT Page 10499 — 10513
[EDITORS' NOTE: The case contained on this page is now located on Pages 9657 — 9671] CT Page 10514