[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This dissolution action was brought by the 37 year old plaintiff wife by writ and complaint dated April 25, 1990 alleging that the marriage to the 37 year old defendant husband had broken down irretrievably. The parties were married on May 14, 1983 at Westbrook, Connecticut. The court has jurisdiction based on the plaintiff's continuous residence in this state for over one year prior to April 25, 1990. The court finds the plaintiff's allegation proven in that the marriage had broken down irretrievably prior to April 25, 1990. This is admitted in defendant's answer. No child has been born to the plaintiff since the date of the marriage.
A decree is entered dissolving the marriage of the parties on the ground plaintiff has alleged. The defendant's cross complaint is dismissed as moot.
The plaintiff was employed by the Bank of Boston from December, 1971 until December 7, 1990, when she accepted a voluntary severance package of $15,000 cash after taxes and continued medical benefits for one year. The plaintiff has been unemployed since that date. It is not clear to the court what efforts plaintiff is currently making to obtain employment. After a hearing, the plaintiff was awarded $246 weekly for 26 weeks as unemployment benefits. She had been an executive secretary and an CT Page 5222 estate settlement representative at the bank. She also had a workers' compensation injury that resulted in a 30% loss rating of her cervical spine.
The defendant is an auto mechanic. He began a business in 1986 known as Euro Auto, Inc. which ultimately failed. The defendant then returned to work for the garage for which he had been working prior to Euro Auto, Inc. The defendant characterizes his present work as an independent contractor with M and B Motors Corp.
The plaintiff's last weekly gross salary was $458. The defendant's present gross, as stated on his financial affidavit, is $500 weekly. There was sufficient evidence to convince the court that the defendant deals in used autos, motor cycles, and related items thereby generating additional cash income to him.
Both parties are high school graduates.
During the marriage the parties acquired more liabilities than assets. Although there was much testimony from the plaintiff in an effort to fix blame for the financial disaster, the court is satisfied that the plaintiff was a willing participant in the family finances and in Euro Auto, Inc. The plaintiff allowed charges to be made in her name since the defendant was unable or unwilling to obtain either his separate cards or joint cards. The court concludes that they spent more than their combined incomes.
In considering the causes for the dissolution, the court must evaluate the parties' conflicting versions of the defendant's relationship with Sharon Mayor who was the defendant's insurance agent, and she has purchased cars from the defendant. The defendant's admission made to plaintiff immediately after this suit was brought convinces the court that defendant's conduct toward Miss Mayor was the major cause of the marriage breakdown. Ferrucci v. Ferrucci, 11 Conn. App. 369.
The plaintiff's subsequent association with a man she first met in August, 1990 has no bearing on fault, Venuti v. Venuti,185 Conn. 156. A second cause of the marriage breakdown was the financial strain both parties were experiencing. They both must accept responsibility for the financial chaos.
The parties jointly own 19 Maple Lane, Wolcott, which is presently in foreclosure. There appears to be little equity. The plaintiff occupies it as her residence. The defendant lists the following assets:
 Boat $1,000 Jet Ski 1,500 Racing motorcycle 2,000 CT Page 5223 2 Austin Healeys 800 Midget go-cart 200 Mercedes — 1969 1,000 Misc. tools 400 ------ Total $6,900
The defendant also lists one-half interest in a parcel known as Pearl Lake Road, Waterbury with no equity.
Neither party claims to own the motorhome, (Plaintiff's Exhibit #5), which plaintiff testified is parked in the yard at plaintiff's residence.
Applying the statutory criteria to the evidence in this case, the court enters the following orders as part of the judgment.
1. The plaintiff is awarded sole ownership in and exclusive possession of 19 Maple Lane, Wolcott, Connecticut. The defendant shall execute a quit claim deed conveying his interest to the plaintiff. No assumption of mortgage covenant is ordered.
2. The contents of the said real estate are awarded to the plaintiff as her sole property except the defendant shall own and obtain his grandmother's clock, a plate, racing trophies, a Heuer watch, and any books pertaining to his trade as a mechanic.
3. The defendant shall retain, as his sole property, the boat, the jet ski, the racing motorcycle, the two Austin Healeys, the midget go-cart, the 1969 Mercedes and the miscellaneous tools. The defendant shall pay $3,450 to plaintiff on or before July 1, 1991 as her share of said items.
4. The motorhome is ordered to be sold forthwith and the proceeds divided equally by the parties.
 5. The plaintiff shall be solely responsible for: a) Spiegel b) J. Marsh c) B. May, DDS d) Goldie's e) Hub's Spa f) New England Waterheater and shall hold the defendant harmless and indemnified.
 6. The defendant shall be solely responsible for: a) Liberty Mutual b) Karas Motors c) Richard Crane d) Defendant's spa bill of $50 CT Page 5224 and any debts still remaining from the operation of Euro Auto, Inc. and he shall hold the plaintiff harmless and indemnified.
 7. The parties shall each assume 50% of the bills due: a) Amex cards b) Citytrust card c) Amoco d) G. Fox e) Sears f) Cable g) SNET h) Wheeler Clinic i) Poland Spring j) Lux Bond k) Northwest Financial l) Insurance Center of Waterbury
The defendant may tender his share to the plaintiff in good check form, payable to the creditor, or he may pay plaintiff who shall provide a proper receipt. The plaintiff shall manage all payments to these creditors listed in this paragraph.
8. The defendant shall pay to plaintiff the sum of $50 weekly for 52 weeks as periodic alimony, or until her earlier remarriage or death. A wage withholding is ordered to secure payment. This order is non-modifiable both as to term and amount.
9. The defendant shall pay the plaintiff the sum of $1,000 as an allowance to prosecute, due on or before August 1, 1991.
The attorney for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J.