[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 42, whose birth name is Manning, and the defendant husband, 51, married on March 28, 1981 in Solana Beach, California. There are two children, Claire d.o.b. April 16, 1986 and Calvin d.o.b. June 1, 1990, both issue of the marriage. The court has jurisdiction based on the plaintiff's continuous residence in Connecticut for over one year prior to the filing of the complaint, § 44 (c) (1). The plaintiff is a commercial model and an actress. The defendant is a self-employed professional CT Page 12094 photographer.
The parties settled their differences concerning custody and visitation by the entry of an order on June 9, 1997 (140, 141) (Steinberg, J.) That order will be incorporated into the judgment.
The parties moved to New Canaan, Connecticut sometime in 1987 upon acquiring the marital home located at 94 Old Studio Road. The plaintiff's affidavit estimates the fair market value to be $450,000.00 whereas the defendant's affidavit lists the value to be $650,000.00. This is subject to a mortgage balance of $281,510.00. Each party contributed $40,000.00 to the deposit when it was purchased for $402,000.00. The defendant is willing to transfer his interest in the property "as is" to the plaintiff with the plaintiff assuming the mortgage.
The defendant had conducted his business from the home, utilizing a dark-room for both his corporate work and individuals. He had high income years in the middle 1980's until he lost his principal magazine client after it changed art directors.
The defendant vacated the home in August, 1994, two days after he shoved and upset the plaintiff to the degree that she went to a friend's home for two days. The plaintiff gave the defendant $2,500.00 for the first and last month rent for his separate quarters.
From 1989 through 1993, the defendant and accepted several photography assignments involving extensive travel, sometimes for prolong periods. The results were not lucrative.
The plaintiff has listed current gross weekly income of $9,223.00, of which $8,935.00 is trust income from family trusts, various acting assignments garner another $547.00 gross weekly with $378.00 net after taxes and agent's commission. Net trust income weekly, after taxes of $3,603.00, is $5,332.00. There are four trusts holding almost $8,000,000.00. A detailed description is unnecessary for the defendant is not seeking to share any of it. He is asking for limited periodic alimony.
The parties employed au pairs to care for the children until one year ago. Beginning in late 1991, and ending in early 1992, the defendant carried on an affair with the au pair then being employed. CT Page 12095
In April, 1996, the defendant returned to the marital home at 2:00 a.m. to find the plaintiff with a man who the defendant assaulted. Since this episode occurred one year after this dissolution suit was commenced, the court finds such evidence not relevant to the causes of the marriage breakdown, Venuti v. Venuti,185 Conn. 156 (1981). the defendant's infidelity is found to be relevant but not the sole cause. The court infers that an erosion had set in.
Both parties are college graduates, in good health, and possessed of occupational skills. They had enjoyed a relatively affluent life style or station.
Having reviewed the evidence in light of the statutory criteria as well as relevant case law, the court enters judgment dissolving the marriage on the ground of irretrievable breakdown and, as part of the judgment, enters the following orders.
1. The order entered by the court (Steinberg, J.) on June 9, 1997 is incorporated in this judgment as found in documents (140) and (141).
2. The joint custody agreed to and ordered is such that the court enters any child no support order at this time.
3. The plaintiff shall continue to maintain health care insurance for the minor children at her expense. If the defendant has group health care insurance available to him in the future at a reasonable cost, he too shall cover the minor children at his expense. Section 46b-84 (d) applies to this order.
The defendant shall not be required to make any contribution to any uninsured bill balance for health care given to either child.
4. The plaintiff shall pay to the defendant, as periodic alimony, the sum of $1,000.00 per week until the death of either party, the remarriage of the defendant, or if not sooner terminated, until the expiration of 48 months which term shall not be extended for any reason or under any circumstances. Section46b-86 (b) applies to this order.
5. The defendant's interest in the marital home is awarded to the plaintiff "as is" who shall assume the mortgage balance, holding the defendant harmless and indemnified. The plaintiff CT Page 12096 shall make good faith effort to obtain a novation from the mortgage holder removing the defendant from the mortgage note. If not obtained after four months of effort, the plaintiff shall refinance the mortgage in order to remove the defendant from said obligation.
The plaintiff shall pay to the defendant the sum of $80,000.00 upon delivery of title to the marital home.
6. The plaintiff shall pay the sum $10,000.00 to the defendant on or before December 30, 1997 as an allowance to defend.
7. The plaintiff shall pay the balance due to the counsel for the minor children.
8. The plaintiff shall transfer to the defendant all shares of stock in her name in Genetech and ADC Telecom.
9. Each party shall continue to own the remaining assets each now owns as their respective sole property. In particular, the defendant shall retain all his photography equipment, his bank account, his two IRA's, and the 1992 Volvo Wagon.
10. Each party shall remain liable for the liabilities as each exists on each respective affidavit.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.