[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 59, whose birth name is Schultz, and the defendant husband, 58, married on April 4, 1965 in New Rochelle, New York. They purchased their first house in New Jersey about 1970 where they lived until 1978 when they sold it. They then bought their second marital home in Connecticut. There are two adult children of the marriage. Both parties are college graduates. The plaintiff is a homemaker. She has not CT Page 12744 worked outside the home in 33 years. The defendant is a C.P.A. He is currently receiving weekly severance income from his erstwhile employment. It began on July 1, 2001 and will end on December 31, 2001 of $4,635 gross weekly and $3,962 net after mandatory deductions. He nets about $100 weekly on average from his private practice including $2 weekly interest. He was employed by various CPA firms from 1964 until 1982. In 1986 he joined Leon Tempelsman Son as controller and chief financial officer where he remained until he was given the severance mentioned above. As part of the severance package the parties enjoy medical coverage without cost to them until the end of this year when the plaintiff will be obliged to pay $376.34 monthly to continue her coverage.
The plaintiff states that the fair market value of the home is $500,000 while the defendant states it as $550,000. It is encumbered by a mortgage balance of $332,127. Both parties request that it be sold. Based on the evidence, the court intends to order its sale "as is" with no more than $2,500 to be spent for cosmetics that are recommended by the listing broker.
Neither party enjoys particularly good health at the present time. The cause of the breakdown was the erosion of the parties's relationship over several years. One of the chronic problems was the handling of the family finances. Except for the house the plaintiff's only assets are three checking accounts containing $8,155 as listed on her financial affidavit. The defendant lists the following assets in addition to the house:
 2000 Audi A6, leased no value stated 1903 grand piano $10,000 Antique desks, table, lamps 5,000 Peoples Bank — checking 4,752 Peoples Bank — savings 856 Fidelity Disciplined Equity 4,935 Fidelity fund 5,257 Fidelity Select Technology 2,427 Federated Max Cap Fund 13,392 Tax Deferred Annuity 13,429 Life Insurance Cash Value (face Value = $125,000) 2,121 Leon Tempelsman Son 401(k) plan 94,460 Deloitte Touche Pension 20,418 Misc. clothing, furniture, etc. 10,000
Each party lists substantial liabilities. The plaintiff's total is $69,428.82 including a disputed item for $10,000 and a $3,000 estimate. The defendant's total is $124,175 including the auto lease balance of CT Page 12745 $13,071.
The parties' final separation occurred on November 17, 1999 when, after requesting a divorce, the defendant left the home. The court finds that the defendant's one act of adultery prior to the final separation did not contribute to the marriage breakdown which was total prior to that episode, Venuti v. Venuti, 185 Conn. 156 (1981).
Having reviewed the evidence in light of the relevant statutes and case law, the court enters the following decree.
 1. The court renders judgment dissolving the parties' marriage on the ground of irretrievable breakdown and each party is declared to be unmarried.
 2. The house is ordered sold "as is" except that the defendant shall advance $2500 either by cash or credit to have cosmetic work and clean up done as recommended by the listing broker. Any details, terms or other items that cannot be agreed upon shall be referred to the court for articulation. After payment of the mortgage balance, broker's commission, closing costs including a reasonable attorney's fee, transfer and conveyance taxes and $10,000 awarded to the plaintiff as an allowance to prosecute, the plaintiff shall receive 65% of the net proceeds and the defendant shall receive 35%. The plaintiff shall be solely responsible for the mortgage installments, utility bills and heating bill until the property is sold.
 3. The defendant shall pay periodic alimony to the plaintiff in the weekly sum of $1,500 until the death of either party, the plaintiff's remarriage or future court order based on her cohabitation or § 46b-86, Conn. Gen. Stat. A wage withholding order is entered per statute. This order is based on the defendant's current income from the severance package. This order is modifiable both as to term and amount. The defendant is ordered to advise the plaintiff when he obtains new employment or elects to devote full time to his CPA practice.
 4. The defendant shall cooperate with the plaintiff in the event she elects to continue COBRA coverage CT Page 12746 for herself
 5. The defendant shall transfer to the plaintiff ownership of the $125,000 life insurance policy on his life, including the cash surrender value and without any loan thereon. The plaintiff shall thereafter be responsible for maintaining the policy.
 6. The $50,000 group life policy insuring the defendant shall remain payable to the plaintiff so long as the defendant remains eligible as a member of the group.
 7. The contents of the marital home, except for the grand piano, its bench, sheet music, personal papers including any items pertaining to his CPA practice, and his clothing, are awarded to the plaintiff as her sole property. The plaintiff is awarded the earrings once owned by the defendant's mother.
 8. The plaintiff shall be solely responsible for the liabilities listed on her financial affidavit.
 9. The defendant shall be solely responsible for the liabilities listed on his financial affidavit.
 10. The plaintiff is awarded the 1997 Pontiac auto as her sole property. The defendant shall pay any delinquent taxes preventing assignment of title.
 11. The plaintiff is awarded the three Fidelity mutual funds and the Federated Max Cap Fund as her sole property.
 12. The defendant is awarded the tax deferred annuity listed as $13,429 and the Deloitte Touche pension as his sole property.
13. The plaintiff is awarded 50% of the Leon Tempelsman Son 401k plan.
14. Each party shall retain the respective bank accounts as now owned.
HARRIGAN, J.